# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Junior Dancy,**
**Petitioner Below, Petitioner**

**vs.) No. 12-0107** (Nicholas County 10-P-13)

**Harold E. Stump II, Administrator**
**of the Estate of Harold E. Stump,**
**Respondent Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Dancy, by counsel William McCourt Jr., appeals the June 14, 2011 order of the Circuit Court of Nicholas County granting summary judgment in favor of respondent. Respondent Harold E. Stump II, Administrator of the Estate of Harold E. Stump, by counsel Cammie Chapman, filed a response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 16, 1997, Harold Stump properly executed a typed Last Will and Testament and delivered a copy to petitioner. In February of 2007, a home fire completely destroyed Mr. Stump's original Last Will and Testament. Mr. Stump passed away on February 2, 2009, without a spouse and survived by five children. Harold E. Stump II was appointed administrator of the estate of Harold E. Stump on April 3, 2009. Petitioner filed an "Objection to the Invalidation of the Last Will and Testament of Harold E. Stump and Motion that this Last Will and Testament be Accepted" with the Nicholas County Commission requesting that a copy of the will be accepted as the best evidence. The Nicholas County Commission refused to accept petitioner's copy of the will because it was not the original or a certified copy of the original. By order entered on December 4, 2009, the Nicholas County Commission affirmed its prior decision.

On April 5, 2010, petitioner filed a petition for appeal to the circuit court from the Nicholas County Commission. The circuit court granted respondent's cross motion for summary judgment. In doing so, the circuit court held that "the general provisions . . . in West Virginia Code § 58-3-1 *et seq.*, are to be read in pari materia with the probate-specific statute, West Virginia Code § 41-5-7."[1] The circuit court reissued the order granting respondent summary judgment for purposes of this appeal.

---

[1] The circuit court found additional grounds for granting summary judgment. In footnote one, the circuit court found that petitioner failed to deliver the will to the county commission

1

Petitioner argues that West Virginia Code § 58-3-1(d) and § 58-3-4 should control the statute of limitations in this case because the statute states petitions "shall" be presented within four months after judgment, not "may" be presented in three months. Petitioner argues that conflicting code sections should be read together and applied together, if possible. Respondent argues that when a party appeals a county commission's probate order, the general provisions of West Virginia Code § 58-3-1, et seq. must be read in pari materia with West Virginia Code § 41-5-7 which specifically addresses the appeal process for probate cases. Respondent argues when statutes are in conflict with each other and cannot be reconciled, the general rule is that the more specific statute repeals the general statute.

This Court reviews the circuit court's entry of summary judgment under a *de novo* standard of review. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party . . . ." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975). "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984). This Court has also said, "[W]here two distinct statutes stand in pari materia, and sections thereof are in irreconcilable conflict, that section must prevail which can properly be considered as the last expression of the law making power . . . ." *State ex rel. Pinson v. Varney*, 142 W.Va. 105, 109, 96 S.E.2d 72, 74 (1956). In applying these principles to the present case, petitioner should have filed his appeal pursuant to the more recently amended and probate-specific statute. After considering the record, the circuit court's summary judgment order, and the arguments of counsel, this Court finds there was no error in the circuit court's entry of summary judgment.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

within thirty days pursuant to West Virginia Code § 41-5-1. Additionally, once the administrator was appointed, petitioner failed to appeal the decision pursuant to West Virginia Code § 41-5-11.