GOLDIE MARIE MILLER *and* DALE KING MILLER

*v.*

THE CITY OF MORGANTOWN, *a municipal corporation, et al.*

(No. 13428)

Decided October 15, 1974.

*Charles S. Armistead* for City of Morgantown.

*Steptoe & Johnson, Herbert G. Underwood, Robert M. Steptoe, Jr.* for Miller.

BERRY, JUSTICE:

The City of Morgantown, a municipal corporation, one of the defendants below and hereinafter referred to as the City, appeals from a final judgment of the Circuit Court of Monongalia County entered March 30, 1973, which overruled its motion to set aside the jury verdict in favor of the plaintiffs, Goldie Marie Miller and Dale King Miller, and also refused to set aside the jury verdict in favor of Frank G. Cox and Elizabeth Cox Moran on the cross-claim of the City against them.

The plaintiffs instituted this action against both the City and Frank G. Cox and Elizabeth Cox Moran who owned the property abutting the sidewalk where the plaintiff Goldie Marie Miller was injured. This Court granted an appeal to the City on November 19, 1973, but refused to grant an appeal to the property owners. The case was submitted for decision on September 10, 1974 upon oral arguments and briefs filed on behalf of the respective parties.

On December 31, 1971, the plaintiff Goldie Marie Miller fell and fractured her hip while walking along a public sidewalk in the City of Morgantown. The complaint alleged that both the property owners and the City had allowed the sidewalk to remain out of repair and charged an absolute liability on the City.

The plaintiffs introduced into evidence the fact that the City had notice of the defective sidewalk in Septem-

ber 1971. On September 29, 1971 the City sent a notice to the property owners pursuant to the city ordinance requiring the abutting property owners to repair the defective sidewalk within fifteen days of notification by the City or the City would repair the sidewalk and bill the property owners for the cost thereof. No repairs were made by any of the defendants to the sidewalk prior to the plaintiff's fall.

The first defense contained in the answer filed by the City was: "The complaint fails to state a claim upon which relief can be granted because it alleges no negligent acts or omissions chargeable to this defendant." The answer demanded that the action be dismissed as to the City. In his opening statement to the jury the attorney for the plaintiffs stated that he believed the court would instruct the jury that the City has an absolute duty to keep sidewalks in repair and if a sidewalk is not in repair and someone is injured as a result thereof without any negligence on the part of the party injured, the injured party has an absolute right to recover against the City of Morgantown.

The City did not introduce any evidence during the trial of the case and after the plaintiffs rested their case, the following statement was made by counsel for the City, in compliance with the court's request to hear the position of all counsel with regard to the issues involved: "Very well, sir. May I understand where we are so far in the proceedings? As I understand in this, the plaintiff is taking the position that the city is absolutely liable under Code 17-10-17, and so the plaintiff has charged no negligence against the city at all, charging negligence against Cox and Moran, is that correct, Mr. Frame? Mr. Frame: That's correct." Mr. Frame was counsel for the plaintiffs. After this exchange, the court then overruled the City's motion for a directed verdict.

The City cross claimed against the defendant property owners relying on the municipal ordinance which placed

responsibility on the property owners for the sidewalk being out of repair and which required the property owners to reimburse the City for any damages recovered against it resulting from the defective condition of the sidewalk. Error was assigned with regard to the City's cross claim. However, no judgment was entered by the trial court on the jury's verdict on the cross claim.

It is clear from the record in this case that the trial court allowed the case to be submitted to the jury on an erroneous application of the law as to the City of Morgantown. It is true that Code 17-10-17, before it was amended in 1969, did impose absolute liability on the part of a city in connection with an injury arising out of a defective sidewalk. However, in 1969 this section of the Code was amended to read as follows:

> Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court or any road, bridge, street, alley or sidewalk in any incorporated city, town or village being out of repair *due to the negligence* of the county court, *incorporated city*, town or village may recover all damages sustained by him by reason of such injury in an action against the county court, *city*, town or village in which such road, bridge, street, alley or sidewalk may be, * * *. (Emphasis supplied.)

It is the contention of the plaintiffs that even though negligence was not relied on in the complaint for recovery against the City for the injury suffered as a result of the defective sidewalk, this issue was tried by the implied consent of the parties under Rule 15(b), R.C.P., which provides as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

This position is not well taken because it is abundantly clear from the record that neither the plaintiffs nor the

defendant City thought the case was tried on the theory of negligence against the City. There was no express or implied consent by either party. The attorney for the plaintiff stated unequivocally in his opening statement that he was trying the case on the basis of absolute liability against the City and at the conclusion of the plaintiffs' evidence he reiterated that he was trying it on such basis. The attorney for the City moved for a directed verdict because the case was not pleaded or tried on the proper theory against the City. The complaint alleged absolute liability on the part of the City and the City in its answer asked to have the case dismissed because of the pleading against it. The motion for a directed verdict was made immediately after the attorney for the plaintiffs stated that he was trying the case under the theory of absolute liability against the City. Apparently this situation came about by virtue of a misapprehension on the part of the attorney for the plaintiffs relative to the statute having been amended in 1969. Under these facts there could be no express or implied consent to try this case on the issue of negligence which was not raised in the pleading and no attempt was made at any time to amend the pleading. *See,* *Floyd v. Floyd,* 148 W. Va. 183, 133 S.E.2d 726 (1963).

There is no merit to the City's contention that it is entitled to recover on its cross-claim against the defendant property owners if a judgment is rendered against it. The second paragraph of Section 29-30 of the pertinent ordinance providing that if any person sustains an injury by reason of a sidewalk being out of repair and recovers damages against the City, the abutting property owner shall be held liable to the City is invalid, because there is no statutory authority or charter provision expressly or by necessary implication authorizing such recovery. *State ex rel. City of Charleston v. Hutchinson,* 154 W. Va. 585, 176 S.E.2d 691 (1970); *Maxey v. City of Bluefield,* 151 W. Va. 302, 151 S.E.2d 689 (1966); *Chesapeake & Potomac Telephone Co. of West Virginia v. City of Morgantown,* 144 W. Va. 149, 107 S.E.2d 489 (1959). This principle is clearly stated in Point 2 of the

syllabus of the *State ex rel. City of Charleston v. Hutchinson, supra,* wherein it is stated:

> A municipal corporation has only the powers granted to it by the legislature, and any such power it possesses must be expressly granted or necessarily or fairly implied or essential and indispensable. If any reasonable doubt exists as to whether a municipal corporation has a power, the power must be denied.

A municipal corporation possesses only the power and authority given to it by the legislature, and no such authority or power was given to the City of Morgantown in connection with this matter. *See, Hyre v. Brown,* 102 W. Va. 505, 135 S.E. 656 (1926). In the case of *Maxey v. City of Bluefield, supra,* it was held in Point 2 of the syllabus that:

> In the absence of a statute or charter provision expressly, or by necessary implication, authorizing a municipality to require an abutting property owner to reimburse the municipality for all loss, damage, cost or expenses that may be imposed upon it by reason of the failure of the property owner to maintain the sidewalk adjacent to his property in good repair, the municipality is without power to do so and an ordinance purporting to so require is, to that extent, invalid.

It is true the city charter of the City of Morgantown requires the owner of property abutting a sidewalk to repair such sidewalk and in default of so doing the City may repair such sidewalk and assess such cost to the property owner. However, this does not in any manner give authority to the City to require the property owner to reimburse the City for any damages and costs that may be recovered against it by reason of the sidewalk being out of repair.

Inasmuch as the City had not been given the authority by the legislature to enact an ordinance requiring property owners to reimburse it for any damages that may be recovered against it as a result of any action

against the City for sidewalks being out of repair, the court should not have given any instructions relating to such matter.

Although the City assigned error with regard to the trial court's ruling relative to the cross-claim, no judgment was entered by the trial court on the jury's verdict on the cross-claim. The effect of the jury's verdict was to exonerate the property owners on the cross-claim. However, the court should have directed a verdict in favor of the property owners on the cross-claim.

For the reasons stated herein, the judgment of the Circuit Court of Monongalia County is reversed as to the City on the plaintiffs' action against it; the verdict of the jury is set aside as to said action and the City of Morgantown is awarded a new trial and the Circuit Court of Monongalia County is directed to enter judgment in favor of the property owners on the cross-claim of the City.

*Judgment reversed; verdict set aside; new trial granted; remanded with directions.*