325 S.E.2d 120

**UMWA by Richard L. TRUMKA, etc., et al.**

v.

**Arthur R. KINGDON, Judge, etc. and U.S. Steel Mining Co., a corp.**

No. 16227.

Supreme Court of Appeals of West Virginia.

Oct. 17, 1984.

Daniel F. Hedges, James M. Haviland, McIntyre, Haviland & Jordan, Charleston, Mary Lou Jordan and Michael H. Holland, General Counsel, UMWA, Washington, D.C., for petitioners.

MILLER, Justice:

This original prohibition raises the question of whether the Circuit Court of Wyoming County has venue to hear an appeal of an administrative order issued under the State Coal Mine Health and Safety Act, W.Va.Code, 22–1–30. This section relates to an administrative withdrawal of a coal mine employee's mining certificate.

The relators are several officials of the United Mine Workers of America. Their contention is that the Circuit Court of Wyoming County is without venue because in the underlying suit filed before it, the members of the Board of Appeals of the Department of Mines, along with its director, were named as respondents. As a consequence, the relators contend that this is an action against State officers and a State agency and, under W.Va.Code, 14–2–2, the only proper venue is in the Circuit Court of Kanawha County.[1] Respondents contend that venue is proper by reason of W.Va.Code, 22–1–30(g), which provides that judicial review is to be made under the Administrative Procedures Act.[2] Under this Act, judicial review of administrative decisions is not restricted to the Circuit Court of Kanawha County.

The agency proceedings in this case involved a charge initiated against a general mine foreman employed by United States Steel Mining Company. The charge alleged that he had violated the provisions of W.Va.Code, 22–2–26, relating to roof control. It is not disputed that the administrative procedures for handling such a charge are controlled by W.Va.Code, 22–1–30. A hearing is held before the Board of Appeals of the Department of Mines. If the Board determines that the charge has been proven, it can suspend or revoke the individual's mining certificate. As previously noted, W.Va.Code, 22–1–30(g), provides that any person adversely affected by a final order issued by the Board is entitled to judicial review pursuant to W.Va.Code, 29A–5–4.[3]

---

1. The relevant portion of W.Va.Code, 14–2–2, states:

   "(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County:

   (1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee."

2. W.Va.Code, 22–1–30(g), provides: "Any party adversely affected by a final order or decision issued by the board hereunder shall be entitled to judicial review thereof pursuant to section four [§ 29A–5–4], article five, chapter twenty-nine-A of this Code."

3. The material portions of W.Va.Code, 29A–5–4, are:

   "(a) Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law.

   "(b) Proceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the circuit court of Kanawha county, West Virginia, or with the judge thereof in vacation, or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency. A copy of the petition shall be served upon the agency and all other parties of record by registered or certified

This section of our Administrative Procedures Act places venue either in the Circuit Court of Kanawha County or "in the circuit court of the county in which the petitioner ... resides or does business."[4]

The relators argue with some logic that if administrative appeals are permitted to be brought in either the Circuit Court of Kanawha County or in the circuit court of the county in which the party adversely affected resides or does business, then this will increase the possibility of divergent opinions on similar issues. This would not occur if administrative appeals were centralized in the Circuit Court of Kanawha County. However, we cannot ignore the clear option provided in W.Va.Code, 29A–5–4, by which the legislature presumably intended to enable the aggrieved party to litigate an adverse administrative ruling in a convenient forum, i.e., where he resides or does business.[5]

■ There can be no question that the general venue provision relating to suits against State officials or agencies, contained in W.Va.Code, 14–2–2, must be deemed to yield in the face of a more specific enactment contained in W.Va.Code, 22–1–30(g), and its reference to W.Va.Code, 29A–5–4(b). This is the general rule of statutory construction that requires a specific statute to be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled. *State ex rel. Sahley v. Thompson,* 151 W.Va. 336, 340, 151 S.E.2d 870, 872

(1966), *overruled on other grounds, State ex rel. Hill v. Smith,* 172 W.Va. 413, 305 S.E.2d 771 (1983). We also spoke to this point in *Hawkins v. Bare,* 63 W.Va. 431, 436–37, 60 S.E. 391, 393 (1908):

> "[A] statute may deal with a number of subjects, treating them all in general terms by making a provision common to all. If, in such case, a new statute selects one of the several subjects, and makes a complete special provision as to it, the intention to substitute that provision for the general law to that extent is equally as obvious and apparent."

*See generally* 2A Sutherland Statutory Construction § 51.05 (4th ed. 1973); 73 Am. Jur.2d *Statutes* § 257 (1974).

■ We do not see how it is possible to harmonize the general venue statute's requirement for a suit to be brought against a State officer or agency in the Circuit Court of Kanawha County with the Administrative Procedures Act's options of the Circuit Court of Kanawha County or where the aggrieved party resides or does business.[6] Furthermore, the result we have reached is completely consistent with the legislative intent as evidenced by another provision in the Coal Mine Health and Safety Act, W.Va.Code, 22–1–18. This section is a part of the general administrative procedure for the Director's enforcement of the Act.[7] It authorizes a review of the Director's order in "the circuit court of the county in which the mine affected is locat-

---

mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal."

**4.** It is not disputed that the aggrieved party in this case was either residing or doing business in Wyoming County.

**5.** Professor Alfred Neely, in his book Administrative Law in West Virginia § 5.51 at 424 (1982), makes this comment with regard to W.Va.Code, 29A–5–4(b):

"In allowing the petitioner a choice of venue, the Legislature has demonstrated a concern for the convenience of persons other than the government. This has not always been the case. For example, there is a general venue statute which requires that '[a]ny suit in which the governor, any other state officer, or a state agency is made a party defendant,

except as garnishee or suggestee' must be brought in the Circuit Court of Kanawha County."

**6.** Of course one manner of "reconciliation" would be to hold that administrative appeals are governed by the Administrative Procedures Act and are not suits against the State within the meaning of W.Va.Code, 14–2–2. However, this approach obviously does not help relators' position.

**7.** W.Va.Code, 22–1–30, deals solely with the decertification of certain mine employees who have been found to have violated the Act. On the other hand, W.Va.Code, 22–1–14 through 18, relate to the enforcement of all provisions of the Act as against the mine operator.

ed or in the circuit court of Kanawha County." [8]

Therefore, we conclude that under the provisions of W.Va.Code, 22–1–30(g), a party adversely affected by a final order issued pursuant to W.Va.Code, 22–1–30, is entitled to judicial review either in the Circuit Court of Kanawha County or in the circuit court of the county where he resides or does business. Because the Circuit Court of Wyoming County does have venue, we dismiss the writ of prohibition.

Writ Dismissed.

---

**8.** The complete text of W.Va.Code, 22–1–18(a), is:

"Any order or decision issued by the director under this law, except an order or decision under section fourteen [§ 22–1–14] of this article shall be subject to judicial review by the circuit court of the county in which the mine affected is located or the circuit court of Kanawha county upon the filing in such court or with the judge thereof in vacation of a petition by any person aggrieved by the order or decision praying that the order or decision be modified or set aside in whole or in part, except that the court shall not consider such petition unless such person has exhausted the administrative remedies available under this law and files within thirty days from date of such order or decision."