No. 23-ICA-265 – *St. Joseph's Hospital of Buckhannon, Inc. d/b/a St. Joseph's Hospital v. Stonewall Jackson Memorial Hospital Company and the West Virginia Health Care Authority*

**FILED**

**May 23, 2024**

released at 3:00 p.m.
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

LORENSEN, J., dissenting:

I respectfully dissent from the majority opinion because I believe this Court lacks appellate jurisdiction to review an Authority reviewability decision.[1] St. Joseph's asks this Court to reverse the Authority's July 12, 2023, Amended Decision, declining to require Stonewall to submit a proposed relocation of its hospital to the Authority's certificate of need review process. When St. Joseph's appealed the Authority's decision to us, Stonewall timely challenged our jurisdiction.

West Virginia Code § 51-11-4 (2022) is the primary statute setting forth the general scope of our Court's jurisdiction. The statute flatly states that "[t]he Intermediate Court of Appeals has no original jurisdiction." *Id.* at § 51-11-4(a). Without any original jurisdiction, this Court sits exclusively as a court of appeal with limited jurisdiction over certain matters.

---

[1] A request for a ruling on reviewability asks the Authority to "determine whether a proposed health service is subject to the certificate of need or exemption process." W. Va. Code § 16-2D-7 (2016).

1

Our appellate jurisdiction to review an appeal of the Authority's decision at issue is derived, if at all, from West Virginia Code § 16-2D-16a(a)(2) (2021) which provides that: "An appeal of a *final decision in a certificate of need review*… shall be made to the West Virginia Intermediate Court of Appeals…." (Emphasis added).[2] This jurisdictional statute limits our appellate review concerning Authority decisions to final decisions arising from a certificate of need review.[3] Authority reviewability determinations are distinct and separate from Authority certificate of need review decisions following an extensive proceeding whereby the Authority evaluates and passes upon an application for a certificate of need. The Authority's Amended Decision only addressed the issue of *reviewability*. The appeal before us does not arise from a final decision in a certificate of need review.

---

[2] Immediately prior to the creation of this Court, appeals of Authority decisions were initially heard by the Office of Judges pursuant to West Virginia Code § 16-2D-16. The Legislature had amended this statute restricting the appeal of Authority decisions to "the authority's final decision in a certificate of need review." *Compare* W. Va. Code § 16-2D-16(a) (2016) ("The authority's final decision shall upon request of an affected person be reviewed by the Office of Judges.") *with* W. Va. Code § 16-2D-16(a) (2017) ("An applicant or an affected person may appeal the authority's final decision in a certificate of need review to the Office of Judges."). Accordingly, the statutory text that once permitted administrative review of "the authority's final decision" was purposefully changed by the Legislature in 2017 to allow only appeals of final decisions in a "certificate of need review" which does not in my opinion include reviewability determinations.

[3] "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter[.]" *Robinson v. City of Bluefield*, 234 W. Va. 209, 214, 764 S.E.2d 740, 745 (2014) (quoting Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984)).

By concluding that Stonewall's proposed relocation was not subject to certificate of need process, observing its long-standing past practice, the Authority *declined* to undertake the extensive review. The Petitioner asks this Court to compel the Authority to subject Stonewall's proposed relocation to a rigorous regulatory process that the Legislature in 2023 significantly circumscribed. Whether the law imposes a duty upon the Authority to act contrary to its past practice regarding prior relocation matters is simply not an appropriate question for this Court. The relief St. Joseph's seeks sounds in *mandamus*, an extraordinary writ, over which this Court expressly has no jurisdiction. *See* W. Va. Code § 51-11-4(d)(10) (2022).[4]

For these reasons, I respectfully dissent.

---

[4] *See also* W. Va. Code § 51-1-3 (1915) ("The Supreme Court of Appeals shall have original jurisdiction in cases of habeas corpus, mandamus and prohibition.").