Wheeling.

NATHANIEL HARRISON, ADM'R, vs. WILLIAM LEACH, USE, &C.

January Term, 1870.

1. The act of February 28th, 1866, in relation to oaths by suitors, being in derogation of the common law, should not be enlarged in its operation by construction beyond its express terms. And a party who seeks to avail himself of the provisions of the act, ought to be held to state a case with the utmost precision; such as is required in a plea of abatement, i. e., certainty to a certain intent in every particular.

2. A case in which the affidavit under the act was held to be insufficient.

This was an action of debt brought in the circuit court of Kanawha county, to March rules, 1867, in the name of "William Leach, who sues for the use and benefit of William Dickinson, executor of William Dickinson, deceased," against Nathaniel Harrison, administrator with the will annexed of William Erskine. At the April term, 1867, the defendant tendered the following affidavit:

"STATE OF WEST VIRGINIA, *Monroe County, to wit:*

"I, Nathaniel Harrison, administrator with the will annexed of Wm. Erskine, dec'd, the defendant in the above named suit, do solemnly swear, that I have good cause to believe, and do believe, that the person for whose use or benefit the above suit is prosecuted, has heretofore aided and abetted the so-called confederate states of America and the rebel State government at Richmond, in hostile action against the United States and this State; that I never voluntarily gave aid or comfort to persons engaged in armed hostility against the United States, the reorganized government of Virginia or the State of West Virginia, by coun-

384　　COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,　　Harrison, adm'r, vs. Leach, use, &c.　　1870.

tenancing, counseling or encouraging them therein; that I never sought, accepted nor attempted to exercise any office or appointment whatever, civil or military, under any authority or pretended authority hostile or inimical to the United States, the reorganized government of Virginia, or the State of West Virginia; that I never yielded any voluntary support to any government or pretended government, power or constitution within the United States, hostile or inimical thereto, or hostile or inimical to the reorganized government of Virginia, or the State of West Virginia, and that the cause of action in this case arose prior to the 1st of April, 1865, and that the real beneficiary in this suit is the said Wm. Leach, and that the transfer to Wm. Dickinson, executor, &c., as I verily believe, was made subsequent to the acts of February 11th, 1865, and 28th February, 1866, and were intended as an evasion of the same. Witness my hand and seal, this 23d day of March, 1867.

N. HARRISON,

"adm'r with will annexed of Wm. Erskine, dec'd.

"Subscribed and sworn to before me, this 23rd day of March, 1867.　　·　　CYRUS NEWLON,

"Notary Public, Monroe county, W. Va."

And asked that the same should be filed, and that the plaintiffs should be required to take certain oaths, in the above mentioned acts described. To the filing of which affidavit, and the requiring of the affidavits on the part of the plaintiff, the plaintiff objected, and the objection being referred to the court was not allowed to be filed, and judgment was rendered for the amount of the note sued on.

. The defendant excepted to the refusal of the court, and brought the case here for review.

Hon. James W. Hoge, judge of the circuit court of Kanawha county, presided on the trial of the cause.

*Stanton & Allison* for the plaintiff in error.

*Boggess* for the defendant in error.

BROWN, *President.*

This was an action of debt on a promissory note for money, brought by the plaintiff Leach, for the use of William Dickinson, executor of Wm. Dickinson, deceased, against the defendant Harrison, administrator of William Erskine, deceased. The defendant Harrison tendered an affidavit under the act of February 28th, 1865, and asked that it be filed in the cause. The affidavit stated affiant's loyalty, and the disloyalty of Leach, as prescribed in the statute. The defendant then asked the court to require the counsel of the plaintiff to disclose for whose use the suit was prosecuted, and that the said party should then be required to take the oath of expurgation as prescribed, on pain of having his suit dismissed. The court refused to let the affidavit be filed, or to make the orders requiring the disclosure, or expurgation, or dismiss the cause. And to this refusal of the court the defendant, Harrison, excepted, and alleges the same here for error.

As to the construction of the act, it is to be observed that it is an act in derogation of the common law, and in its nature an act of confiscation, which, though belonging to the extreme rights of war, is defensible in principle only when the reasons or necessity for its enactment exist. It should not therefore be enlarged in its operation by construction beyond its express terms. 1 Rob. Prac., (old,) and cases there cited. The record states that the plaintiff Leach sues for the use and benefit of the executor of Wm. Dickinson, deceased, and the affidavit also states the same thing; but also in a subsequent part, states affiant's belief that the suit is prosecuted for the use or benefit of the plaintiff Leach; and then states that affiant believes that the person for whose use or benefit the above action is prosecuted, has heretofore aided and abetted the so-called confederate states, &c. It is difficult, if not impossible, to say with certainty who was the party who so aided and abetted. Was it Leach, or Dickinson's executor? If the latter, the act did not apply. It was the person for whose use and

benefit the above action is prosecuted, and it is stated to be for the use and benefit of Dickinson's executor, and also for the use and benefit of Leach.    It is probable the latter was intended, but in a case of ambiguity, when it may be either of the two, it would seem that the party setting up the de-fense, to defeat a just debt, ought to be held to state a case with the utmost precision and certainty, such as is required in pleas in abatement, not certainty to a common intent, nor certainty to a certain intent in general, but certainty to a certain intent in every particular.    I think, therefore, that the affidavit was materially defective, and properly exclu-ded.

The judgment should be affirmed with damages and costs to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.