L. D. NEWHART *et al. v.* E. B. PENNYBACKER, *Judge, et al.*

(No. 8825)

Submitted November 15, 1938. Decided December 6, 1938.

`James B. Randolph* and *H. W. Russell,* for petitioners.
*K. C. Moore* and *T. M. McIntire,* for respondent, E. A. Grow, Admr.

RILEY, JUDGE:

Under the original jurisdiction of this Court, L. D. Newhart and Daisy Newhart filed their petition praying for a writ of prohibition to prevent the enforcement of an .$850.00 judgment rendered January 26, 1938, by the Circuit Court of Wood County, in a proceeding on a note by notice of motion for judgment, wherein E. A. Grow, administrator of the estate of Daniel Rowell, deceased, was plaintiff, and petitioners herein were defendants.

The petition is filed on the theory that the judgment is void because it was not obtained in compliance with Chapter 89, West Virginia Acts of the Legislature, Second Extra. Session, 1933, amending Code 1931, 56-4. The act of the legislature in question provides, in part, as follows:

> "Section 71. In every action at law, proceeding or suit in equity, instituted on and after July second, one thousand nine hundred thirty-four, in a court of record in this state, for the collection of any bonds, notes, or other evidences of debt, the plaintiff or claimant shall be required to allege in his pleadings, or to prove by affidavit or otherwise at any time before final judgment or decree is entered:
>
> "(1) That such bonds, notes or other evidence of debt have been assessed for taxation for each and every tax year on the first day of which he was the owner of same, not exceeding five years prior to that in which the action, suit or proceeding was instituted and not in any event, for any period beginning earlier than the first day of January, one thousand nine hundred thirty-three, or
>
> "(2) That such bonds, notes, or other evidence of debt constituted a part of the capital employed in the business of such plaintiff or claimant and were assessed or taxed as such, or otherwise assessed or taxed as prescribed by law, or
>
> "(3) That the plaintiff or claimant has not paid, or is unable to pay, the taxes and interest

and penalties, if any, on such bonds, notes or other evidences of debt, but is willing for the same to be paid out of his first recovery thereon, or

"(4) That such bonds, notes or other evidence of debt sued upon are not taxable under the law in the hands of the plaintiff or claimant, or are otherwise exempt from taxation; and no judgment or decree of a court of record rendered in an action, suit or proceeding instituted on and after the date aforesaid, shall be valid unless the allegation herein required was made, or unless the proof herein required was adduced before final judgment or decree was entered.

"When in any such action at law, suit in equity or proceeding, it is ascertained that there are unpaid taxes, including interest and penalties, if any, on the evidence or evidences of debt sought to be enforced, and the plaintiff or claimant makes it appear to the court that he has not paid, or is unable to pay, said taxes, including interest and penalties, if any, but is willing for the same to be paid out of his first recovery thereon, the court may order, as a part of any judgment or decree in said action, suit or proceeding, that the taxes, including interest and penalties, if any, that are due and owing, shall be paid to the proper officer out of the first collection on said judgment or decree."

This act, an innovation in our law, is in derogation of the common law procedure of this state. Being so, it must be strictly construed. 2 Lewis' Sutherland Statutory Construction (2d Ed.), sec. 573; *Peters* v. *Hajacos,* 91 W. Va. 88, 112 S. E. 233; *State ex rel. Keller* v. *Grymes,* 65 W. Va. 451, 456, 64 S. E. 728, 17 Ann. Cas. 833; *Kellar* v. *James,* 63 W. Va. 139, 60 S. E. 939, 4 L. R. A. (N. S.) 1003; *Harrison* v. *Leach,* 4 W. Va. 383. And such construction must be made with mind to the purposes for which the statute was enacted. 25 Ruling Case Law, subject Statutes, section 253, 8 Id. Per. Supp. Legislative intention is a cardinal rule of construction. But ascertainment of that intent involves appraisal of

the subject matter, purposes, objects and effects of the statute in addition to its express terms. *Bluefield Supply Company* v. *Waugh,* 106 W. Va. 67, 72, 145 S. E. 584; *Buckland* v. *Lee,* 6 Fed. Supp. 606, 608. These rules of construction for generations have been landmarks which have guided courts of this country in the construction of legislation.

Because the statute applies only to courts of record, it is procedural in its nature and embraces no substantive right. Being procedural and lending itself only to a strict construction directly for the purposes for which it was enacted, it gives rise to the inquiry: What, then, is its purpose? Certainly not to do justice between creditor and debtor. That purpose already was adequately served by the common law and statutory remedies which have prevailed in this state for many years prior to its enactment. Nothing in the statute indicates it was designed to facilitate the collection of debts by litigation. On the contrary, assuming petitioners' construction correct, it would furnish an impediment to the reduction of a debt to a law or decretal judgment. Still another factor should be considered in solving the problem of construction involved here. In no event should the statute serve the interest of a debtor to avoid the payment of the whole of a just debt. Yet, if the enactment were for a debtor's benefit, then it would enable him to prevail upon his creditor to relinquish a part of the debt equal to a substantial part of the taxes due the state in consideration of an agreement to forbear bringing an action or suit thereon. Thus the debt would be satisfied by settlement between the parties and a part of the taxable wealth of the state would disappear. This is necessarily so because that which is one person's debt is always his creditor's asset. No justice would be served by thus placing in the hands of a debtor a means which could be used to avoid payment of a part of his debt under the shadow of protecting the state's interest; whereas, in truth and fact, the best interest of the state would not be served in the least thereby.

Upon careful consideration, we think that the statute was enacted with a single legislative intent to bring to the aid of the state an additional means of exacting taxes. Having in mind the purpose for which the enactment was made and the consequences which would follow in the wake of its construction as suggested by petitioners, we are of opinion that a judgment or decree, rendered by a court of record of this state upon a note, bond or other evidence of indebtedness is not void or voidable under the act of the legislature, now considered, simply because it contains no recital that the conditions of the statute were complied with. In other words, an unconditional money judgment or decree rendered by a court of record as against the party adversely affected thereby, is on the same footing as it would be had the statute not been enacted. This conclusion is not based upon any ambiguity in the statute itself. Nothing more need be said than when a particular construction of a statute, such as is sought by the petitioners in the instant case, would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made. *Parsons* v. *County Court,* 92 W. Va. 490, 115 S. E. 473; *Click* v. *Click,* 98 W. Va. 419, 127 S. E. 194.

It will be noted that the statute provides that plaintiff in an action at law or suit in equity brought on a note, bond or other evidence of indebtedness shall allege in his pleading or prove by affidavit or otherwise at any time before final judgment or decree a compliance with the statutory provisions. The judgment in the instant case being unconditional on its face does not, of itself, disclose a non-compliance with the statute. From it, no court can say that the record behind it does not disclose compliance with the statute. Here, the judgment and entire record are exhibited to the respondents' answer. They disclose that in the notice of motion proceeding, the Circuit Court of Wood County had full jurisdiction of both the subject matter and parties, and the judgment itself does not disclose affirmatively any jurisdictional defect.

That court being a court of general jurisdiction, its judgment in the instant case is not subject to collateral attack. 1 Freeman on Judgments (5th Ed.), sections 305, 312; *Bailey* v. *Firemen's Ins. Co.*, 108 W. Va. 75, 78, 150 S. E. 365; *Lough* v. *Taylor*, 97 W. Va. 180, 124 S. E. 585; *State ex rel. Smith* v. *Hall, J.*, 94 W. Va. 400, 119 S. E. 166; 15 Ruling Case Law, subject Judgments, sections 336, 339; 6 Id. Per. Supp.; *City of Wheeling* v. *John F. Casey Co.*, 89 Fed. (2d) 308, and dictum in *City of Wheeling* v. *John F. Casey Co.*, 85 Fed. (2d) 922.

If the instant judgment were void or voidable, prohibition would be the proper remedy. See *Bice* v. *Boothsville Telephone Co.*, 62 W. Va. 521, 59 S. E. 501, 125 Am. St. Rep. 986, 13 Ann. Cas. 1046; *State ex rel. Presutti* v. *Valentine, J.*, 90 W. Va. 35, 110 S. E. 445; *Eastham* v. *Holt, J.*, 43 W. Va. 599, 27 S. E. 883, 31 S. E. 259; *State ex rel. Welsh* v. *Kittle, J.*, 90 W. Va. 19, 110 S. E. 438, cited by petitioners' counsel. See also, *Morris* v. *Calhoun, J., et al.*, 119 W. Va. 603, 195 S. E. 341. Here, however, petitioners seek to prohibit the enforcement of a judgment valid on its face. Such an attack is nothing more or less than collateral. *Nelson Transfer & Storage Co.* v. *Jarrett*, 110 W. Va. 97, 157 S. E. 46. In that case, Judge Maxwell, speaking for the entire court, said: "In determining whether an attack upon a judgment is direct or collateral, the basic factor to be considered is whether the proceeding involves a review or annulment of the judgment, or a mere avoidance of its effects, as, for example, by preventing the enforcement of an execution predicated thereon. In the former instance the attack is direct; in the latter, collateral." See generally, 1 Freeman, Judgments (5th Ed.), sec. 312, p. 627.

For the foregoing reasons, we are of opinion to refuse the peremptory writ. All other questions suggested by the record and briefs become moot in the light of the discussion.

*Peremptory writ refused.*

Fox, Judge, concurring:

I concur in the result reached in the opinion filed, but I am unable to agree that the statute in question cannot be used to avoid a judgment secured in violation of its terms, merely because to do so would permit the maker of a note to escape a just obligation. Such a holding, in my judgment, practically nullifies the statute, for there will be few instances where the rule announced cannot be invoked. In my opinion, the statute is constitutional, and the fact that its application may, in some instances, permit a debtor to escape his obligation does nothing more than inflict the penalty which the holder of an obligation incurs when, in violation of law, he refuses to return the same for taxation.

I concur in the result for the reason that the attack on the judgment, the enforcement of which is sought to be prevented, is a collateral one, and may not, on the record before us, be maintained. The jurisdiction of the circuit court to entertain the action of law in which the judgment was recovered, both as to the subject matter and the parties is not questioned; compliance with the statute involved (Code 1937, 56-4-71, Chap. 89, Acts 2d Ex. Session, 1933) may be effected either by an allegation in the pleadings or otherwise; a presumption of validity attaches to the judgment or decree of a court of record; and a judgment entered under such conditions may only be avoided by a collateral attack when lack of power or jurisdiction to enter the same affirmatively appears upon the record. I do not believe that the record of the circuit court in the law action shows on its face a lack of jurisdiction to enter the judgment in question, and that being true, a collateral attack thereon must fail.

While I would sustain the statute in question, I doubt whether it should be interpreted as depriving a court of jurisdiction to enter a judgment or decree in an action or suit, where jurisdiction of both the subject matter and the parties exist, merely because it requires certain facts to appear, either by allegation in pleadings or

otherwise, to make that judgment valid. Is not that a matter of procedure for lack of compliance with which a writ of error or appeal will lie? If a defendant sits by and permits a judgment or decree to be entered, and does not move to reverse the same in an appellate court, does not the presumption of validity attach and save the judgment from collateral attack, unless lack of jurisdiction to enter the same plainly and affirmatively appears from the record of the case in which it was rendered?

But it may be said that on this theory the judgment would be open to direct attack. This does not necessarily follow. If the court had jurisdiction to enter the judgment, and its alleged invalidity arose out of lack of proof or some defect in procedure, then the remedy was by writ of error or appeal, and having failed to take that step, a direct attack on other lines would not be entertained. The answer to the question would depend on whether the requirements of the statute are jurisdictional or procedural, and in my judgment they are procedural.