JAMES CANN, Judge.
On the 20th day of May, 1950, prior to participating in the armed services day parade, conducted by the West Virginia national guard, in the city of Buckhannon, county of Upsher, state of West Virginia, claimant parked his private automobile on Kanawha street in said city of Buckhannon. At the conclusion of the parade a large military tank, operated by one Sgt. Cockrell, attempting to enter said Kanawha street from an intersecting side street, for the purpose of proceeding to the national guard armory, struck claimant’s parked automobile causing considerable damage thereto.
It appeared from the evidence that claimant was legally parked; that the tank commander, who was standing at the ' intersection of Kanawha street and the side street from which the tank was proceeding, and who had charge of directing the course of said tank, had signalled the tank operator to swing the tank-to the left as he entered Kanawha street; the *160 tank operator, who either failed to observe the signal or completely ignored the same, swung the tank to the right as he entered the above street and struck the rear of claimant’s parked automobile causing the damages complained of.
At the conclusion of the hearing of this case, W. Bryan Spillers, an assistant attorney general representing respondent, called the court’s attention to the fact that since it had developed from the testimony that claimant, himself, was a member of the national guard of the state of West Virginia, and that on the day the accident complained of occurred he was in the service of the state of West Virginia as a member of said national guard, this court was without jurisdiction to entertain this matter by reason of chapter 14, article 2, section 14 of the code of West Virginia, known as the court of claims act, wherein a pertinent part reads as follows:
“Sec. 14. Claims Excluded. — The jurisdiction of the court shall not extend to any claim:
1. For loss, damage, or destruction of property or for injury or death incurred by a member of the militia or national guard when in the service of the state.”
A discussion occurred in open court between the members of the court and the assistant attorney general with respect to the question raised by the latter. Some of the members of the court were of the opinion that the above mentioned act did not cover a situation such as was presented in this case; that it was not the intent of the Legislature to bar recovery for damages done to the property of an individual caused by the agents of a state agency, merely because that individual at the .time happened to be a member of the national guard in the service of the state, particularly since the property of said individual was not used in, or had any part in, the service of the state; that since the language of the act, above mentioned, was permissible of several constructions, one working a manifest injustice and the other equity and fairness, the latter should be adopted, upon the presumption that the Legisla *161 ture did not intend the results flowing from the former; that to construe the statute to cover this particular situation would result in an absurdity, relying upon the able and well reasoned opinion of Judge Riley in the case of Newhart v. Pennybacker, 120 W. Va. 774.
The Court took time to maturely consider the question raised concerning jurisdiction, and after due and deliberate consideration concluded, and very reluctantly so, that the act above cited was far-reaching in its scope and intent; that the Legislature was the sole judge as to who could present a claim in our court and under what circumstances, and that therefore this court was without jurisdiction to entertain the instant claim.
However, the court desires to express itself in stating that had not the question of jurisdiction arisen, an award would have been made in favor of claimant for the damages claimed, for the reason that the evidence as a whole disclosed that the respondent or his agents were solely at fault.
The court being of the opinion that by virtue of the act cited in this opinion it is without jurisdiction to entertain this claim, therefore the same is ordered dismissed and stricken from the docket.