# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0247** (Harrison County 15-F-127-3)

**Jeremy M.,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeremy M., by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's February 17, 2016, order sentencing him to a term of incarceration of ten to twenty years for his conviction of one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust.[1] The State, by counsel David A. Stackpole, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in sentencing him to an indeterminate sentence instead of a determinate sentence and that the second count of the indictment was facially deficient. Alternatively, petitioner argues that West Virginia Code § 61-8D-5(a) is overly broad as applied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Between January of 2014 and June of 2014, petitioner was alleged to have engaged in multiple instances of sexual contact with both S.M., a thirteen-year-old babysitter who provided care for children in the home, and M.M., petitioner's ten-year-old child. Petitioner was alleged to have penetrated S.M.'s vagina with his penis, touched S.M.'s vagina with his finger, and attempted to touch M.M.'s vagina with his finger. Following interviews with police concerning these incidents, petitioner fled to the State of Colorado before ultimately being extradited back to West Virginia.[2] During the May of 2015 term of court, petitioner was indicted on eighteen

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was on probation for an unrelated criminal conviction at the time.

1

counts of various sexual crimes, including eight counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust relating to S.M.; five counts of third-degree sexual abuse relating to S.M.; three counts of third-degree sexual assault relating to S.M.; one count of first-degree sexual abuse relating to M.M.; and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust in relation to M.M.

In October of 2015, petitioner entered into a plea agreement whereby he agreed to plead guilty to one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust as alleged in the second count of the indictment, while the remaining counts would be dismissed. Sentencing was left to the circuit court's discretion. At the plea hearing, petitioner admitted to having a sexual relationship with S.M., a child to whom he was in a position of trust, while he was above the age of eighteen.

In February of 2016, the circuit court held a sentencing hearing, during which petitioner argued for the imposition of probation. Petitioner also argued, alternatively, for a determinate sentence. The circuit court found that petitioner's presentence investigation report included a significant criminal history in addition to his high risk for recidivism. Ultimately, the circuit court denied petitioner's requests and imposed a term of incarceration of ten to twenty years to run consecutively to his current term of incarceration from an unrelated conviction. The circuit court also imposed forty years of supervised release. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

First, the Court finds no merit to petitioner's argument that the circuit court should have imposed a determinate sentence instead of an indeterminate one. In support of his argument, petitioner asserts that a variety of factors, including the award of good-time credits, application of the parole statute, and the goals of indeterminate sentencing, among other issues, lead to an unsustainable absurdity if West Virginia Code § 61-8D-5(a) were interpreted to allow circuit courts to impose indeterminate sentences. *See* Syl. Pt. 2, *Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made.). We do not agree.

Importantly, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.'

Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009). Here, petitioner does not allege that his sentence is outside the bounds of the applicable statute or based on any impermissible factor. Indeed, petitioner readily admits that West Virginia Code § 61-8D-5(a) allows for imposition of a sentence between ten and twenty years.[3] Instead, petitioner argues that the discretion to impose an indeterminate sentence leads to an absurdity, in part, because every individual sentenced under this statute would receive the same sentence regardless of the severity of their crimes. We do not find this argument persuasive because petitioner admits that his sentence was imposed within the applicable statutory guidelines and was not based on any impermissible factor. Thus, it is not subject to appellate review.

Finally, the Court finds that petitioner waived his arguments that the second count of the indictment was facially deficient or that, alternatively, West Virginia Code § 61-8D-5(a) is overly broad.[4] It is well-established law in our State that a criminal defendant has the right to appeal a criminal conviction. *See* Syl., in part, *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972) (holding that "[o]ne convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable."). However, the right to appeal is limited in the context of a guilty plea. We explained in *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978) that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Such appeals are generally limited to cases in which "an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id.* at 212, 248 S.E.2d at 835, Syl. Pt. 1, in part.

Further, we have explained that a "defendant waives significant constitutional rights by entering into a plea agreement . . . ." *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see also State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (stating that "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (stating that when criminal defendant openly in court admits he is guilty of offense charged, "he may not thereafter raise independent claims relating to the

---

[3]West Virginia Code § 61-8D-5(a) states, in relevant part, that

> [i]f any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten years nor more than twenty years . . . .

[4]The Court notes that petitioner did not raise these arguments in the circuit court and did not enter into a conditional plea agreement whereby he reserved the right to appeal this particular alleged error.

deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Notably, once a criminal defendant waives constitutional rights, "he cannot be heard to complain thereafter." *Call v. Mckenzie*, 159 W.Va. 191, 195–96, 220 S.E.2d 665, 669–70 (1975).

Following a thorough review of the record on appeal and the arguments of counsel, we find that petitioner waived his right to appeal the issues raised herein. It is undisputed that petitioner pled guilty to one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust as alleged in the second count of the indictment. Petitioner does not challenge the voluntariness of his guilty plea, the legality of his sentence, or any of his counsel's advice prior to acceptance of that guilty plea. Therefore, we decline to address on direct appeal petitioner's arguments concerning the indictment at issue.

For the foregoing reasons, the circuit court's February 17, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker