No. 19-1028 - <u>**Webster County Board of Education v. Donna Davis, et al.**</u>,

**FILED**

**March 26, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

HUTCHISON, Justice, dissenting:

The majority's decision in this case is perplexing and defies logic.  To reach its desired result, the majority undertakes a long and winding analysis of various "statutory paths" to conclude that aides and early childhood classroom assistant teachers (ECCATs) accrue job seniority independently and that for purposes of a reduction in force among ECCATs, aide seniority must be ignored.  In doing so, the majority turns a blind eye to "the basic and cardinal principle, governing the interpretation and application of a statute, [which] is that the Court should ascertain the intent of the Legislature at the time the statute was enacted, and in the light of the circumstances prevailing at the time of the enactment." Syl. Pt. 1, *Pond Creek Pocahontas Co. v. Alexander*, 137 W. Va. 864, 74 S.E.2d 590 (1953).  Because I do not believe that the Legislature intended that a kindergarten aide who has dedicated more than thirty years of her life to public education could suddenly be out of her job simply because her job title was changed, I dissent to the majority's decision.

What is most perplexing about the majority's analysis is that it gives absolutely no consideration to the statutes that created and then redefined the ECCAT position.  When the Legislature decided in 2013 to transition kindergarten aides into the newly created position of ECCAT, it initially provided an exemption for those aides who were eligible for retirement by July 1, 2020.  In that regard, West Virginia Code § 18-5-18 (2013) provided:

1

Beginning July 1, 2014, any person previously employed as an aide in a kindergarten program and who is employed in the same capacity on and after that date and any new person employed in that capacity in a kindergarten program on and after that date shall hold the position of either Early Childhood Classroom Assistant Teacher—Temporary Authorization, Early Childhood Classroom Assistant Teacher—Permanent Authorization or Early Childhood Classroom Assistant Teacher—Paraprofessional Certificate. *Any person employed as an aide in a kindergarten program that is eligible for full retirement benefits before July 1, 2020, may remain employed as an aide in that position and may not be required to acquire licensure pursuant to this section.*

(Emphasis added). Thus, when the ECCAT position was created, the Legislature allowed certain kindergarten aides—those eligible to retire by July 1, 2020—to keep their job title of aide and to remain in that position in the kindergarten classroom. Obviously, the purpose of the exemption was to protect the job seniority these long-term aides had obtained.

In 2015, the Legislature amended West Virginia Code § 18-5-18 by House Bill No. 2702, which was

AN ACT to amend and reenact § 18-5-18 of the Code of West Virginia, 1931, as amended; and to amend and reenact § 18A-4-8, § 18A-4-8a and § 18A-4-8b of said code, all relating to redefining service personnel class titles of early childhood classroom assistant teacher; *protecting certain aides from reduction in force or transfer to create vacancy for less senior early childhood classroom assistant teacher*; requiring aide who becomes employed as early childhood classroom assistant teacher to hold certain multiclassification status; *and including early childhood assistant classroom assistant teacher in same classification category as aides.*

2015 W. Va. Acts, c. 217, eff. March 9, 2015 (emphasis added). Through the 2015 amendments, the Legislature redefined the ECCAT position and no longer provided an

2

exemption for any kindergarten aides to remain solely in their aide position. Instead, the Legislature mandated that all kindergarten aides become ECCATs. Notably, however, the Legislature further provided that these new ECCATs would keep their aide title and, moreover, any newly hired ECCAT would be employed in the position of aide as well. To that end, West Virginia Code § 18-5-18 was revised to provide:

> Beginning July 1, 2014, any person previously employed as an aide in a kindergarten program and who is employed in the same capacity on and after that date and any new person employed in that capacity in a kindergarten program on and after that date *shall hold the position of aide **and** either Early Childhood Classroom Assistant Teacher* I, *Early Childhood Classroom Assistant Teacher II or Early Childhood Classroom Assistant Teacher III.* Any person employed as an aide in a kindergarten program that is eligible for full retirement benefits before July 1, 2020, may remain employed as an aide in that position and shall be granted an Early Childhood Classroom Assistant Teacher permanent authorization by the state superintendent pursuant to section two-a [§ 18A-3-2a], article three, chapter eighteen-a of this code.

W. Va. Code § 18-5-18(b) (2015) (emphasis added).[1] In addition, Subsections (t) and (u) were added to West Virginia Code § 18A-4-8 (2015) as follows:

> (t) Any person employed as an aide in a kindergarten program who is eligible for full retirement benefits before the first day of the instructional term in the 2020–2021 school year, may not be subject to a reduction in force or transferred to create a vacancy for the employment of a less senior Early Childhood Classroom Assistant Teacher;
>
> (u) A person who has held or holds an aide title and becomes employed as an Early Childhood Classroom Assistant

---

[1] This statute was amended again in 2017, and while this provision was moved to subsection (c), the language was not changed.

3

Teacher shall hold a multiclassification status that includes aide and/or paraprofessional titles in accordance with section eight-b of this article.

Finally, West Virginia Code § 18A-4-8b(d)(2)(C) (2015) was amended to specifically place ECCATs in the same classification category as aides:

Paraprofessional, autism mentor, early classroom assistant teacher and braille or sign support specialist class titles are included in the same classification category as aides[.]

These statutory amendments evidence the Legislature's intent to ensure that those service personnel who had long-term employment as aides would not lose their seniority nor be subject to losing their job if a reduction in force among ECCATs became necessary. The only way to achieve that intent was to require that aide seniority and EECAT seniority be considered together for purposes of deciding who would be subject to a reduction in force and, indeed, through the 2015 amendment to West Virginia Code § 18A-4-8b, the Legislature mandated that result.

West Virginia Code § 18A-4-8b[2] is titled "Seniority rights for school service personnel," and it requires that "[a]ll decisions by county boards concerning reduction in work force of service personnel shall be made on the basis of seniority, as provided in this section." West Virginia § 18A-4-8b(h). West Virginia Code § 18A-4-8b(i) sets forth the rule for making seniority determinations. It provides: "The seniority of a service person is

---

[2] West Virginia Code § 18A-4-8b was amended in 2016, but the provisions discussed herein were not changed.

4

determined on the basis of length of time the employee has been employed by the county board within a particular job classification." *Id.* Critically, West Virginia Code § 18A-4-8b(d)(2)(C) specifies that "early classroom assistant teacher[s] . . . are included in the same classification category as aides." By placing ECCATs in the same classification category as aides through the 2015 amendments and providing that they simultaneously hold both the title of aide and ECCAT, it is clear the Legislature intended that aide and ECCAT seniority be combined for purposes of determining who would be subject to a reduction in force.

The majority summarily concludes that West Virginia Code § 18A-4-8b(d) only concerns promotions and that West Virginia Code § 18A-4-8b(d)(2)(C) has no application to a reduction in force among ECCATs. However, it is simply illogical to find that ECCAT and aide seniority could be combined for purposes of determining who would be eligible for a promotion but could not be considered together for purposes of determining who would be subject to a reduction in force. Moreover, this statutory provision was part of the 2015 amendments that redefined the ECCAT position and conferred upon all aides in the kindergarten classroom the title of both aide and ECCAT. To disregard this statutory provision in this context frustrates the legislative intent at the time of the enactment.

The majority also seizes upon West Virginia Code § 18A-4-8(u) which states that an ECCAT "hold[s] a multiclassification status that includes aide" and relies upon

5

West Virginia Code § 18A-4-8g(*l*) (2007) and *Taylor-Hurley v. Mingo Co. Bd. of Educ.,* 209 W. Va. 780, 551 S.E.2d 702 (2001), to conclude that aide and ECCAT seniority accrues independently because of this multiclassification status. However, this interpretation is in direct conflict with the provisions of West Virginia Code § 18A-4-8b set forth above. This Court has held that "where two statutes are in apparent conflict, the Court must, if reasonably possible, construe such statutes so as to give effect to each." Syl. Pt. 4, in part, *State ex rel. Graney v. Sims*, 144 W. Va. 72, 105 S.E.2d 886 (1958). However, this Court has also made clear that when statutes cannot be reconciled, "the general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter." Syl. Pt. 1, in part, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984). In this instance, West Virginia Code § 18A-4-8b is the specific controlling statute. The Legislature plainly stated that for purposes of a reduction in work force of service personnel, the decision shall be made based on seniority as provided in West Virginia Code § 18A-4-8b. W. Va. Code § 18A-4-8b(h).

The majority has erroneously surmised that the Legislature intended to force kindergarten aides to accept the new job title of ECCAT, perform the same job duties as they did previously when they only had the title of aide, and strip them of all their previously accrued seniority rights. As a result of the majority's decision, loyal and dedicated public school employees who served as aides in kindergarten classrooms for years and years lost all their job seniority the very moment the Legislature required them

by statute to become an ECCAT to keep their job. As one of the grievants explained during the grievance hearing below:

> I had earned my way up to number four [referring to her aide seniority], and I wasn't in any danger of being put out of the system. Now that I'm number nine . . . not only am I devastated because, you know, I'm established where I'm at . . . Now I feel . . . I don't know what the word is. I just feel like I've earned my way up, and now I'm just being shoved back to the bottom like it didn't matter. All of those years that I invested didn't matter.

It is axiomatic that "'[i]t is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity.' Syllabus Point 2*, Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925)." Syl. Pt. 2, *Conseco Fin. Serv'g Corp. v. Myers*, 211 W. Va. 631, 567 S.E.2d 641 (2002); *see also* Syl. Pt. 2, *Newhart v. Pennybacker*, 120 W. Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). In this case, the majority has reached an unjust and absurd result that will cause aides, some of whom have more than thirty years of experience in that job, to lose their ECCAT position during reductions in force in favor of less senior aides who are also ECCATs. This decision not only has devastating consequences for the respondents in this case but for all aides who were forced to transition into the ECCAT position. Accordingly, I respectfully dissent

from the majority's decision in this case. I am authorized to state that Justice Wooton joins me in this dissent.